FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY WAYNE TANGEN,<br><br>Defendant. | No.   2:15-CR-0073-SMJ<br><br>**ORDER** |

Before the Court, without oral argument, are a number of pretrial motions. The Court now enters this Order on Defendant Tangen's Motion in Limine, ECF No. 70; Motion to Dismiss, ECF No. 66; Motion for Bill of Particulars, ECF No. 68; Motion for Discovery, ECF No. 69; and USAO's Motion in Limine, ECF No. 64.

**A. Statement of Facts**

On July 22, 2015, a federal grand jury returned a five-count Indictment charging the Defendant with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 1349 (Count 1) and Bank Fraud, in violation of 18 U.S.C. § 1344 (Counts 2-5). On June 8, 2016, the Defendant filed the present motions. On June 21, 2016, a federal grand jury returned a five-count Superseding

ORDER **-** 1

Indictment charging the Defendant with Conspiracy to Commit Bank Fraud (Count 1), Bank Fraud (Counts 2-4), and Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 5). ECF No. 81. The Defendant was arraigned on the Superseding Indictment on June 28, 2016.

### a. Defendant's Motion in Limine

The Defendant asks that the Court exclude evidence of his 2010 bankruptcy filing. The Government indicates that they do not intend to introduce the bankruptcy filing itself, but rather the concurrent collection of rent from, and nonpayment of the mortgages on, the properties identified in the Superseding Indictment.

The motion is denied as moot.

### b. Defendant's Motion to Dismiss

The Defendant's motion asks the Court to dismiss the original Indictment. It argued that dismissal was required because (1) Count 1 did not include an overt act requirement; (2) Counts 2 through 4 did not allege that the Defendant defrauded a "financial institution" under the applicable 2006 definition; and (3) Count 5 did not allege an affirmative misrepresentation.

Issuance of the Superseding Indictment moots all alleged bases for dismissal. Thus, the Court denies the motion as moot.

//

c. <u>Defendant's Motion for Bill of Particulars</u>

Defendant moves the Court for an order requiring the United States to produce a Bill of Particulars relating to Count One of the Indictment. The Government does not object to the motion, to the extent that the requested information is not provided in the Superseding Indictment.

The motion is granted.

d. <u>Defendant's Motion for Discovery</u>

The Defendant asked that the Government turn over his recorded statements and all *Brady/Giglio* material. The Government has since provided the former. ECF No 89. As to the latter, the Government has indicated that they plan to comply with, its obligations under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United* States, 405 U.S. 150 (1972).

The motion is denied.

e. <u>USAO's Motion in Limine</u>

USAO moves the Court seeking to: (1) prohibit arguments for jury nullification; (2) exclude reference to potential consequences of conviction; and (3) exclude evidence of unrelated instances of good conduct.

Defendant Tangen agrees that arguments regarding jury nullification and potential consequences of conviction would be improper. However, Defendant argues that evidence of good character is admissible.

Rule 404 prohibits the admission of evidence of a person's character for the purpose of proving that the individual acted in conformity with that character on a particular occasion. Fed.R.Evid. 404. There are exceptions to Rule 404's prohibition, including "evidence of a pertinent trait of character offered by an accused." Fed.R.Evid. 404(a)(1). "Pertinent" is synonymous with "relevant." *U.S. v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981). Under this rule, "[e]vidence of a criminal defendant's 'pertinent' character trait—such as honesty and truthfulness in a fraud case—is admissible." *United States v. Hough*, 803 F.3d 1181, 1190 (11th Cir. 2015).

Should Defendant wish to present evidence regarding his reputation for honesty and truthfulness, such evidence is relevant and admissible under Rule 404(a). Further, because bank fraud requires knowingly executing a scheme or artifice "(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises," 18 U.S.C. § 1344, specific instances of truthful or honest conduct by Defendant are admissible under Rule 405(b) as fraud is an "essential element" of Defendant's charges. *See* Fed. R. Evid. 405(b) ("When a person's character or character trait is an essential element of a charge, claim, or

defense, the character or trait may also be proved by relevant specific instances of the person's conduct.").

The motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion in Limine, **ECF No. 70**, is **DENIED** as moot.

**2.** Defendant's Motion to Dismiss, **ECF No. 66**, is **DENIED** as moot.

**3.** Defendant's Motion for Bill of Particulars, **ECF No. 68**, is **GRANTED**.

**4.** Defendant's Motion for Discovery, **ECF No. 69**, is **DENIED**.

**5.** USAO's Motion in Limine, **ECF No. 64**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of July 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge